QUINN EMANUEL URQUHART & SULLIVAN, LLP
Viola Trebicka (Bar No. 269526)
violatrebicka@quinnemanuel.com
Valerie Roddy (Bar No. 235163)
valerieroddy@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

Ryan Sullivan (*pro hac vice*)
ryansullivan@quinnemanuel.com
111 Huntington Avenue, Suite 520
Boston, MA 02199
Tel: (617) 712-7100
Fax: (617) 712-7200

*Attorneys for Lakeview Loan Servicing, LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| MARTIN BELTRAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER,<br><br>Defendant. | Case No.: 3:25-CV-04412-JSC<br><br>**LAKEVIEW LOAN SERVICING, LLC'S RESPONSE IN SUPPORT OF FINDING *BELTRAN* AND *IDRIS* RELATED**<br><br>Before: Hon. Jacqueline S. Corley |
| ELIJAH IDRIS, GOWAN MCLIN, and JUSTIN BICKHAM individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LAKEVIEW LOAN SERVICING, LLC,<br><br>Defendant. | Case No.: 3:25-CV-05087-TLT |

On October 8, 2025, Judge Thompson referred *Idris v. Lakeview Loan Servicing, LLC*, No. 25-cv-05087-TLT to this Court for consideration of whether it is related to *Beltran v. Nationstar Mortgage LLC d/b/a Mr. Cooper*, No. 25-cv-04412-JSC pursuant to Civil Local Rule 3-12(c). *See Idris*, ECF 35. Lakeview Loan Servicing, LLC ("Lakeview"), the defendant in *Idris*, respectfully submits this response in support of deeming the *Beltran* and *Idris* cases related for the reasons stated below. *See* Civil Local Rule 3-12(e).

Two actions are related when "(1) The actions concern substantially the same parties, property, transaction, or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil Local Rule 3-12(a). Here, both cases concern substantially the same parties and events and, if these cases are conducted before different Judges, there is a significant potential for conflicting results and duplication of judicial labor, as explained below.[1]

First, there is a substantial overlap between the proposed classes for each action. Lakeview is one of the largest loan servicers in the United States. *See Idris*, ECF 31 ¶ 26. As the owner of the mortgaging servicing rights to its customers' loans, Lakeview partners with a small number of third-party subservicers to service those loans. *See* Declaration of Ryan Sullivan, filed concurrently herewith ("Sullivan Decl.") Ex. 1 (https://lakeview.com/questions/ (last accessed Oct. 9, 2025)); *see also Idris*, ECF 23-1 ("Ali Decl.") ¶¶ 6-8. Nationstar Mortgage LLC d/b/a Mr. Cooper ("Mr. Cooper") is one of Lakeview's subservicer partners. *See, e.g.*, Sullivan Decl. Ex. 2 (https://lakeview.com/my-servicer-logos/ (last accessed Oct. 9, 2025)). Thus, for the large number

---

[1] Although the two cases share overlapping plaintiffs' counsel and near carbon-copy complaints, both the named plaintiffs and defendants are different. Accordingly, the *Idris* parties did not file related case notices in *Idris* and, although Lakeview alerted Judge Thompson to *Beltran* in the *Idris* parties' joint case management statement, the *Idris* parties initially agreed *Idris* and *Beltran* did not meet the Local Rule's related case definition. *Idris*, ECF 30 at 5, § 10 ("The parties are unaware of any cases that meet the definition of a 'related case' as defined in Civil Local Rule 3-12. Lakeview notes, however, that plaintiffs' counsel have sued one of Lakeview's subservicers (Mr. Cooper) in *Beltran* [], asserting similar claims and facts, and it notes relevant overlap in facts and claims may become evident at some point in these cases."). In light of Judge Thompson's referral to this Court to consider relatedness, Lakeview has conducted additional factual research and confirmed the cases are indeed related as explained below.

of Lakeview customers who have loans subserviced by Mr. Cooper, they must go exclusively through Mr. Cooper to manage and make payments on their Lakeview loan. The *Idris* Complaint tacitly acknowledges these facts, alleging plaintiff Gowan McLin's mortgage was "transferred . . . to Lakeview and/or Mr. Cooper, one of Lakeview's Servicers." *Idris*, ECF 31, ¶ 125. For plaintiff McLin's mortgage, the *Idris* Complaint fails to distinguish between Lakeview and Mr. Cooper.[2]

Because of the servicer-subservicer relationship between Lakeview and Mr. Cooper, it is not uncommon for an individual to have a Lakeview loan that is subserviced by Mr. Cooper. Indeed, two of the three named *Idris* plaintiffs (including plaintiff McLin) have loans subserviced by Mr. Cooper. *See* Declaration of Julio Aldecocea, filed concurrently herewith, ¶ 4.[3] This fact creates substantial overlap between the plaintiffs in both cases. In *Beltran*, the plaintiff seeks to represent a class of individuals "who have had or applied for mortgage services with [Mr. Cooper]." *Beltran*, ECF 26 ¶ 146. In *Idris*, plaintiffs seek to represent a class of individuals "who have had or applied for mortgage services with Lakeview." *Idris*, ECF 31, ¶ 151. Individuals with Mr. Cooper-serviced Lakeview mortgages may seek to claim membership within both classes, having "had . . . mortgage services" provided by both Lakeview and Mr. Cooper. And although Lakeview and Mr. Cooper are independent entities, their servicer/subservicer relationship is potentially relevant to at least the *Idris* action.

Notably, Local Rule 3-12(a)(1) does not require that the parties in both actions be exactly the same. *See, e.g.*, *Zakinov v. Ripple Labs, Inc.*, No. 18-CV-06753-PJH, 2020 WL 2768966, at *2

---

[2] The *Idris* plaintiffs allege they make payments through "Lakeview" and "Lakeview's Website," but Lakeview's website does not host any loan servicing tools; servicing of Lakeview loans is done on a co-branded subservicer website that can be accessed via a link from Lakeview's website. *See* ECF 23-1 ("Ali Decl.") ¶¶ 6-8. Mr. Cooper, however, offers the website https://www.mylakeviewloan.com/ for Lakeview customers to use to manage their Mr. Cooper-subserviced loans. Although the https://www.mylakeviewloan.com/ website does not appear to be expressly at issue in *Beltran*, the *Idris* plaintiffs' opaque pleading regarding their management of their mortgages is vague as to the specific websites the named *Idris* plaintiffs allegedly used for this activity.

[3] To avoid any complaint of public disclosure by the *Idris* plaintiffs or otherwise unnecessary sealing, Lakeview is not identifying the second plaintiff with a Mr. Cooper subserviced mortgage in this filing, but will do so upon request by the *Idris* plaintiffs' counsel (who are, in large part, also counsel for the *Beltran* plaintiff).

(N.D. Cal. May 28, 2020) (finding parties were substantially similar where plaintiff in one action was member of other action's proposed class); *see also Pepper v. Apple Inc.*, No. 11-cv-6714, 2019 WL 4783951, at *1 (N.D. Cal. Aug. 22, 2019) (relating cases involving same defendant but different plaintiffs). Here, because of the potential of significant overlap between class members (including two named plaintiffs in *Idris*) arising from the servicer/subservicer relationship between the *Idris* and *Beltran* defendants, the parties meet the Local Rule 3-12(a)(1) requirement.

Furthermore, there is a substantial overlap of the events alleged in both actions. In each action, the information allegedly disclosed, captured, and shared when a customer services their loan is relevant to liability. For example, the *Beltran* Amended Complaint alleges that information, including "users' status as existing loan customers," is collected and shared when users "log in to view their account details" and that the installed tracker software "reports . . . that the user is on the 'Monthly Statements' page." *Beltran*, ECF 26 ¶ 60. The named *Beltran* plaintiff asserts he "regularly uses Mr. Cooper's Website to review his account, manage his mortgage, and make payments." *Id.* ¶ 126. Similarly, the *Idris* Amended Complaint alleges that information, including the "consumer's first name, telephone number, address, their account/loan number, their payment history (including payment amounts), [and] payment dates" is captured and shared "from inside the consumer payment portal" when a user manages their mortgage. *Idris*, ECF ¶ 55. The named *Idris* plaintiffs also make allegations regarding the management and paying of their mortgages. *Id.* ¶¶ 120, 125-26, 130. Both actions concern the information that allegedly entered, captured, and shared when a customer manages their mortgage, and for individuals like *Idris* plaintiff McLin, who have a Mr. Cooper-subserviced Lakeview loan, this account management may relate to Lakeview and/or Mr. Cooper. Finally, although in itself insufficient to make cases related, both actions involve essentially the same tracking software and the cookie-cutter complaints submitted by shared counsel in each action assert largely the same factual basis for each action. *Compare, e.g.*, *Beltran*, ECF 1 *with Idris*, ECF 1 and *Beltran*, ECF 26-4 *with Idris*, ECF 31-3.

Because these actions involve substantially similar parties and events, if they are conducted before different Judges, there is a very real possibility of conflicting results or inconsistent determinations. For example, as to the named *Idris* plaintiffs with Mr. Cooper-serviced Lakeview

mortgages, the Court will need to consider the distinction between Lakeview's website and the website used by those plaintiffs to manage their mortgage. Similarly, for the individuals who may seek to claim to be members of both classes based on the same mortgage, there is the possibility that the use of a given website and tracker software will be found to be actionable against Lakeview and not against Mr. Cooper or vice versa for inconsistent reasons. Or, worse yet, *both* defendants could potentially be held liable for the same alleged data privacy violations if the factfinders each find the defendant in their case responsible for the same webpage if plaintiffs seek to blur the line between where Lakeview's website ends and Mr. Cooper's website begins. And because of the vagueness of the allegations in the *Idris* Complaint, and two of three named *Idris* plaintiffs' conflation of allegations regarding the servicing of their Lakeview mortgages and subservicing by Mr. Cooper, the Court may be called upon by plaintiffs to analyze the software used on Mr. Cooper's websites in both actions. Finding the cases related will ensure the analysis is the same in both actions, and prevent unnecessary duplication of judicial labor. Finally, each case is at a similar procedural posture (with plaintiffs filing amended complaints in response to the *Beltran* and *Idris* defendants' motions to dismiss on September 8, 2025 and October 6, 2025, respectively), so that is not a reason to find them not related.[4]

For the reasons stated above, the Court should find *Idris* and *Beltran* related under Civil Local Rule 3-12(a).

Dated: October 12, 2025

QUINN EMANUEL URQUHART
& SULLIVAN, LLP

By: */s/* Viola Trebicka
Viola Trebicka (Bar No. 269526)
violatrebicka@quinnemanuel.com

---

[4] Lakeview is aware Mr. Cooper has moved to transfer *Beltran* to the United States District Court for the Northern District of Texas. Lakeview understands the issue of case relatedness must be decided by October 27, 2025, *see* Civil Local Rule 3-12(f)(1), before that motion is set for hearing on November 20, 2025. In the event the Court does deem the cases related, as relevant to Mr. Cooper's motion, Lakeview notes that it does not intend to seek consolidation of *Idris* with *Beltran*.

Valerie Roddy (Bar No. 235163)
valerieroddy@quinnemanuel.com

865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

Ryan Sullivan (*pro hac vice*)
111 Huntington Avenue, Suite 520
Boston, MA 02199
Tel: (617) 712-7100
Fax: (617) 712-7200

*Attorneys for Defendant Lakeview Loan Servicing, LLC*