UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARTIN BELTRAN, *individually and on behalf of all others similarly situated*, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:26-CV-0744-X |
| | § | |
| NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper's ("Mr. Cooper") motion to dismiss. (Doc. 71). After reviewing the motion, briefing, and applicable law, the Court **GRANTS** the motion and **DISMISSES WITHOUT PREJUDICE** the First Amended Complaint. Plaintiff Martin Beltran may amend his complaint to cure its deficiencies within 28 days of this Order.

## I. Background

This case concerns Mr. Cooper's alleged unauthorized disclosures of Beltran's personal, financial information to third and fourth parties. In 2019, Beltran obtained a mortgage with Bank of America, which Mr. Cooper later bought out. After learning that Mr. Cooper bought out his mortgage, Beltran opened an account with Mr. Cooper in Fall 2021. Later, Beltran used Mr. Cooper's website to research mortgage refinancing options. Beltran has since used the website regularly—anywhere from a

few times a week to a few times a month. Mr. Cooper collected Beltran's information on its website.

Beltran asserts that, since opening his account in 2021, he has received and continues to receive regular advertisements on Facebook and Google related to services Mr. Cooper provides. Beltran maintains that, had he been aware of Mr. Cooper's data sharing practices, he would not have authorized Mr. Cooper to sell his personal, financial information on the resale market. Beltran has since brought this case against Mr. Cooper alleging various causes of action. Mr. Cooper seeks dismissal of all claims, asserting that Beltran lacks standing, Beltran's claims are time-barred, Beltran has failed to state a claim, and Beltran's claims fail as a matter of law.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) allows a party to move for dismissal for "lack of subject matter jurisdiction."[1] When a party files a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction in conjunction with other Rule 12 motions, a court must resolve the jurisdictional challenge first.[2] This prevents a court that lacks jurisdiction from improperly dismissing a case on its merits.[3]

The party asserting jurisdiction carries the burden to prove it.[4] At the pleading stage, the party may meet its burden by alleging a plausible set of facts that establish

[1] FED. R. CIV. P. 12(b)(1).

[2] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[3] *Id.*

[4] *See id.*

jurisdiction.[5] A court may look to: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[6]

## III. Analysis

Before reviewing the Defendant's arguments in its Motion, the Court must first confirm its jurisdiction.[7] That is because "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree."[8] "Without jurisdiction the court cannot proceed at all in any cause."[9]

To have standing, Beltran must demonstrate he has "suffered, or will suffer, an injury that is concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling."[10] Rather than "unadorned speculation," which "will not suffice to invoke the federal judicial power," courts look for specific factual allegations in a plaintiff's complaint that satisfy the three standing requirements.[11]

---

[5] *See id.*

[6] *Id.*

[7] *Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 468 (5th Cir. 2020) ("This court has a continuing obligation to assure itself of its own jurisdiction, sua sponte if necessary." (cleaned up)); *Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) ("Jurisdiction is always first." (cleaned up)).

[8] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (cleaned up).

[9] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (cleaned up).

[10] *Murthy v. Missouri*, 603 U.S. 43, 57 (2024) (cleaned up).

[11] *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 44 (1976).

An injury in fact must be concrete, particularized, and actual or imminent.[12] A concrete injury means a "real and not abstract" injury.[13] A particularized injury must "affect the plaintiff in a personal and individual way."[14] An actual or imminent injury means "the injury must have already occurred or be likely to occur soon."[15] For intangible harms, like those alleged here, courts assess whether alleged injuries have a "close relationship to a traditionally recognized harm."[16] Accepted common-law analogues include intrusion upon seclusion and public disclosure of private facts.[17] The Court addresses in turn whether Beltran's claims closely relate to each analog.

First, intrusion upon seclusion requires "(1) an intentional intrusion, physically or otherwise, upon another's solitude, seclusion, or private affairs or concerns," and that intrusion must be (2) "highly offensive to a reasonable person."[18] An intrusion "requires more than the disclosure of information to a third party."[19] Beltran chiefly alleges that trackers on Mr. Cooper's website collected and disclosed his personal and financial information to Meta, Google, Microsoft, and potential

---

[12] *Food & Drug Admin. v. All. For Hippocratic Med.*, 602 U.S. 367, 381 (2024).

[13] *Id.*

[14] *Id.* (cleaned up).

[15] *Id.*

[16] *Morrow v. W. Tex. Gas, Inc.*, No. MO:23-CV-00174-DC, 2025 WL 2816760, at *6–7 (W.D. Tex. Jan. 9, 2025) (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 424 (2021)) (cleaned up).

[17] *See Smith v. Am. Pain & Wellness, PLLC*, 747 F. Supp. 3d 989, 1000 (E.D. Tex. 2024) (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016)); *Rand v. Eyemart Express, L.L.C.*, No. 25-10784, __ F.4th __, 2026 WL 3180055, at *3–4 (5th Cir. Oct. 23, 2026).

[18] *Amin v. United Postal Serv., Inc.*, 66 F.4th 568, 576 (5th Cir. 2023) (cleaned up).

[19] *Smocks v. Preston Heights Apartments*, No. 4:22-CV-787, 2024 WL 38284, at *4 (E.D. Tex. Jan. 3, 2024).

fourth parties.[20] In previous cases, the Court has held that "disclosure of information to a third party" is not an actual intrusion because such conduct does "not rise to the same level as spying, opening private mail, or wiretapping."[21] Beltran's similar, disclosure-based allegations are not analogous to intrusion upon seclusion.

Second, public disclosure of private facts requires plaintiffs to show "that (1) publicity was given to matters concerning plaintiff['s] private life, (2) the publication of which would be highly offensive to a reasonable person of ordinary sensibilities, and (3) the matter publicized was not of legitimate public concern."[22] Beltran does not plausibly allege facts resembling a public disclosure of private facts injury. He merely alleges that Mr. Cooper's website has the ability to track a customer's information, and that he started receiving advertisements related to his use of Mr. Cooper's website on other internet and social media platforms.[23] Even assuming Beltran's allegations are true, such disclosures involve public information and are not highly offensive to a reasonable person.[24] Thus, this alleged injury is not sufficiently analogous to a common law public disclosure of private facts claim.

---

[20] Doc. 26 ¶¶ 1, 136–37.

[21] *Aldridge v. Secretary, Dept. of the Air Force*, No. 7:05-CV-0056-R, 2005 WL 2738327, at *11 (N.D. Tex. Oct. 24, 2005) (Buchmeyer, S.J.); *see also Walters v. Blue Cross & Blue Shield of Texas, Inc.*, No. 3:21-CV-981-L, 2022 WL 902735, at *5 (N.D. Tex. Mar. 28, 2022) (Lindsay, J.) (holding that medical records emailed to a third party without authorization did not "qualif[y] as an act of intrusion" (cleaned up)).

[22] *Morrow v. W. Texas Gas, Inc.*, No. MO:23-CV-00174-DC, 2025 WL 2816760, at *7 (W.D. Tex. Jan. 9, 2025) (cleaned up).

[23] *See* Doc. 26 ¶ 137.

[24] *Id.* (listing the categories of information allegedly disclosed, including customer status, browsing activity, interest in refinancing, homebuying process stage, whether the user had a Facebook account); *Johnson v. Sawyer*, 47 F.3d 716, 731 (5th Cir. 1995) (holding that information is private if it "contains highly intimate or embarrassing facts about a person's private affairs, such that its publication would be highly objectionable to a person of ordinary sensibilities."). But the biographical

Finally, Beltran specifically alleges he has sustained a loss of privacy, embarrassment, humiliation, emotional distress, lost benefit of the bargain, and "decreased value of his personal and financial information" to the benefit of Mr. Cooper's self-enrichment.[25] But Beltran pled these allegations in conclusory terms, and they do not establish a concrete injury.[26]

Beltran has failed to establish a concrete injury, so he lacks standing.[27] Because Beltran lacks standing and is the only named plaintiff, his attempt to bring this case as a class action fails.[28] Furthermore, the Court lacks jurisdiction to reach the merits of the motion.[29] So the Court dismisses without prejudice Beltran's complaint. Beltran may amend his complaint within 28 days of this Order.[30] His changes are limited to remedying the defects on standing this Order identifies and any other defects the motion to dismiss raises. Beltran may not add new parties or claims.

---

information allegedly disclosed here is neither private nor objectionable. *See Smocks*, 2024 WL 38284, at *4 (holding that information was not private when it was what "one would typically encounter when applying to rent an apartment.").

[25] Doc. 75 at 2–3.

[26] *See Turnage v. Bailey*, No. 3:18-CV-818-CWR-FKB, 2020 WL 13201180, at *3 (S.D. Miss. Nov. 10, 2020) (noting that conclusory allegations are insufficient to allege a concrete injury).

[27] The Court also finds that Beltran did not sufficiently allege that his injuries are traceable to Mr. Cooper.

[28] *See Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 823 (5th Cir. 2022) ("[I]n a class action, federal courts lack jurisdiction if no named plaintiff has standing." (cleaned up)).

[29] *See Steel Co.*, 523 U.S. 83, 94 (1998).

[30] For clarity, the parties agree that Beltran's California claims fail. *See* Doc. 71 at 16; Doc. 75 at 22. Accordingly, Beltran's breach of contract, negligence, unjust enrichment, breach of confidence (to the extent it exists under Texas law), and ECPA claims remain from his original complaint.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the motion to dismiss and **DISMISSES WITHOUT PREJUDICE** Beltran's claims. Beltran may file an amended complaint curing the deficiencies identified within 28 days of this Order.

**IT IS SO ORDERED** this 28th day of October, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE